IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| MATTHEW KLUCK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| MT. LEBANON TOWNSHIP, | ) | |
| | ) | Electronically Filed. |
| Defendant. | ) | |

COMPLAINT

COMES NOW the Plaintiff, MATTHEW KLUCK, by and through his attorneys, SCANLON & SANSONE and JOEL S. SANSONE, ESQUIRE, and brings this Complaint of which the following is a statement:

PARTIES

1.   Plaintiff, Matthew Kluck, is an adult citizen of the Commonwealth of Pennsylvania residing in Mt. Lebanon, Allegheny County, Pennsylvania 15234.  Plaintiff is 48 years old.

2.   The Defendant, Mt. Lebanon Township, is a municipal corporation, with its principle offices located at 900 Cedar Boulevard, 2nd Floor, Mt. Lebanon, Pennsylvania 15228.

3.   At all times relevant hereto, Defendant, Mt. Lebanon Township, was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

4.   Defendant, Mt. Lebanon Township, is and at all times relevant to this Complaint has been an employer in an industry affecting commerce within the meaning of the Fair Labor Standards Act, Section 701(b) of the Civil Rights Act of 1964 and 42 U.S.C. Section 2000e-5(3), and are thus covered by the provisions of the ADEA.

## JURISDICTION AND VENUE

5. This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in his employment on account of age, which right is guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, 29 U.S.C.A. §621 et seq. ("ADEA"), as well as pendent state law claims. Declaratory relief is sought under and by virtue of Title 28 U.S.C. §§2201 and 2202. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e. The Court is empowered to consider the claims outlined in Count II hereto under the doctrine of pendent jurisdiction.

6. All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

7. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

   A. Plaintiff filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about February 25, 2005, and said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

   B. The EEOC issued a Notice of Dismissal and Right to Sue Letter dated October 18, 2005; and

   C. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

8. A **JURY TRIAL** IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

## FACTUAL ALLEGATIONS

9. Plaintiff has been employed by the Defendant since in or about March, 1983, as the golf professional at Defendant's Mt. Lebanon golf facility.

10. Beginning in or about 2001, and continuing through the present, Defendant has taken various actions which were designed to cause Plaintiff to resign his employment.

11. Plaintiff believes that these actions were done because his is an older, highly tenured, highly paid employee, and that the Defendant wishes to force his termination, essentially against his will.

12. The actions taken by the Defendant include but are not limited to the following:

- unilateral changing of Plaintiff's salary and compensation agreement to Plaintiff's detriment on repeated occasions;

- constant and repeated increases in Plaintiff's responsibility without a corresponding increase in compensation;

- taking away compensation from Plaintiff for activities for which he previously received payment without reason or justification including but not limited to the giving of a winter golf clinic and seminars on the Defendant's behalf;

- increased scrutiny and unwarranted criticism with respect to the discharge of Plaintiff's duties;

- failure to include Plaintiff in critical decisions involving the discharge of Plaintiff's responsibilities and the golf program facilities in general;

- threats amounting to intimidation for anticipated failures on Plaintiff's part with respect to the discharge of Plaintiff's duties; and

- more favorable treatment of younger employees.

13. In January 2005, Plaintiff was warned that he must conduct golf seminars four nights a week and during two week days during the winter of 2005 without compensation. Plaintiff had previously been compensated for the giving of such seminars.

14.     Plaintiff believes that the efforts of the Defendant as described above, which are all adverse job consequences to Plaintiff, were undertaken in order to force Plaintiff's termination so that Plaintiff can be replaced by younger, less tenured, less expensive golf professional or other employees.

## COUNT I
## AGE DISCRIMINATION

15.     Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-14, inclusive, as if the same were fully set forth here in this First Count, and made a constituent part hereof.

16.     This is a proceeding under the Age Discrimination in Employment Act for declaratory judgment as to the Plaintiff's rights, and for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of age discrimination against the Plaintiff because of his age with respect to his continuation in employment, and further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant have deprived the Plaintiff of equal employment status because of his age.  This Count also seeks restoration to the Plaintiff of all rights, privileges, benefits and income that he would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate him for his injuries, losses and damages together with such exemplary, punitive and liquidated damages as are provided by law.

17.     Plaintiff believes, and therefore avers, that he was maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to his rights under law, in the terms and conditions of his employment because of his age in that he was discriminated against as aforementioned.

18.     As a result of the Defendant's actions, Plaintiff has been substantially and illegally

harmed, and suffered large and continuing financial losses, deprivation of employment, benefits, perquisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys, and other officials.

19. The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in his employment with the Defendant without age discrimination, constitutes a violation of the ADEA.

21. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendant and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's age discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

22. A **JURY TRIAL** IS DEMANDED TO THE EXTENT THE SAME MAY BE PERMITTED BY LAW.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in his favor against the Defendant Mt. Lebanon Township and that the Court:

    a. Enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA,;

    b. Permanently enjoin the Defendant, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

    c. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices, etc. do not discriminate or permit harassment on the basis of age;

    d.    Adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which he would be enjoying but for the discriminatory practices and actions of the Defendant;

    f.    Compensate and make Plaintiff whole for all earnings, salary, wages, and other benefits he would have received but for the discriminatory practices and actions of Defendant;

    g.    Order that Defendant destroy all derogatory comments and discipline files regarding Plaintiff and expunge all references to the circumstances of any such discipline;

    h.    Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and costs of suit; and

    i.    Grant such other relief as may be just and proper including but not limited to a grant of compensatory, liquidated, exemplary and punitive damages.

## COUNT II
## PHRA

23.    Plaintiff respectfully incorporates all of the allegations of Paragraphs 1-22, inclusive, as if the same were fully set forth herein in this Second Count, and made a constituent part hereof.

24.    This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. §951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise pendent jurisdiction over the same because the cause of action complained of in this Second Count arises out of the same facts, events and circumstances as the First Count and therefore judicial economy and fairness to the parties dictate that this Count be brought in the same Complaint.

25.    By discriminating against the Plaintiff without just cause or legal excuse and solely because of his age, the Defendant, Mt. Lebanon Township violated the provisions of Title 43 P.S. §955 which prohibits discrimination based upon age with respect to compensation for,

continuation in and tenure of, employment.

26. The Defendant's actions in discriminating against the Plaintiff were taken and done despite the Plaintiff's experience and qualifications in his potion, with a view toward forcing the Plaintiff to resign his employment with the Defendant, which conduct violates the Plaintiff's rights under 43 Pa. C.S.A. Sections 951, et seq., as aforementioned.

27. As more fully set forth in Counts I and II, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, and will continue to suffer the same for the indefinite future.

28. A **JURY TRIAL** IS DEMANDED TO THE EXTENT THE SAME MAY BE PERMITTED BY LAW.

WHEREFORE, the Plaintiff respectfully prays that judgment be entered in his favor and against the Defendant for all of the relief sought in Count I, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit in this Second Count.

Respectfully submitted,

s/Joel S. Sansone
Joel S. Sansone, Esquire
Pa. I.D. No. 41008
SCANLON & SANSONE
2300 Lawyers Building
Pittsburgh, Pennsylvania 15219
412.281.9194

Dated: January 16, 2006